WALLACE, JUDGE:
Claimant, American Teletronics Corporation, seeks $15,769.25 in payment for repairs performed on the telephone system of the Greenbrier Center, a facility in Lewisburg operated by the West Virginia Department of Health. Claimant installed the telephone system in 1983. Thereafter, claimant and respondent entered into a Maintenance Agreement.
This Maintenance Agreement provided that American Teletronics Corporation, for a payment of $220.00 per month, would service the telephone system. Paragraph 4 provides in pertinent part:
"It is understood that this Agreement does not cover damages to or failure of the System resulting from causes other than wear and tear from normal use, including, but not limited to misuse, negligence, accident, theft, or unexplained .loss, abuse, connection to direct current, fire, flood, wind, Acts, of God or the public enemy, or improper wiring, installation, repair or alteration by anyone other than the NECTEL Associate."
*74 In July of 1984, the telephone system failed and claimant was called upon to effect repairs. Claimant determined that the cause of the failure was a surge of electrical power engendered by a lightning strike and billed the respondent for the cost of labor and materials. Respondent asserts that the repairs were covered by the maintenance agreement and were not necessitated by any of the causes excepted by paragraph 4 thereof.
Jerry Ayers, a technician employed by claimant, testified that certain components of the switching mechanism were 'burned' and that, in his opinion, the cause of this burning was a power surge. There was no other admissible testimony as to the cause of the system failure.
Respondent introduced testimony that the system had failed numerous times in the year prior to the failure at issue and that, shortly after installation, certain of the grounding mechanisms were inadequate. Claimant's evidence, however, indicated that these problems had been corrected.
The Court finds that the claimant has failed to meet its burden of establishing that the cause of the system failure of July 1984 was excepted under paragraph 4 of the Maintenance Agreement. Mr. Ayers' testimony was inconclusive, and there is some question as to his qualifications as an expert in the field of electronics. Moreover, his testimony related to a number of things about which he had no firsthand knowledge. A thorough examination of the record leaves the Court with no better understanding as to the cause of the system failure.
The evidence in the record is not sufficient to establish the condition precedent to respondent's liability for breach of the Maintenance Agreement, in that no cause for the system failure has been shown. Accordingly, the Court is of the opinion to and does disallow the claim.
Claim disallowed.